UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LECRETIA MACK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:09CV00022 ERW |
| JON HENRY ALSTON, SR., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand [doc. #11]. The Court heard arguments from the Parties on August 12, 2009. At this hearing, the Parties informed the Court that a motion to set aside the judgment that was entered in the First Judicial District Court of Louisiana in 2002 is currently pending before the Western District of Louisiana. Additionally, the Parties stated that a trial was set in the Western District of Louisiana Bankruptcy Court for later this year, concerning the alleged non-disclosure of this judgment in Plaintiff's prior bankruptcy proceeding. The Court determined that abstention from ruling on the Motion to Remand was in the interest of judicial efficiency. As a result, the Court ordered that this action would be stayed pending the resolution of the issues currently pending before other courts.

The statute governing this Motion to Remand declares that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447. As a result, motions to remand that are based upon defects in the removal procedure must be filed within thirty days. *See Davis v. Ciba-Geigy Corp.*, 958 F.Supp. 264, 266 (M.D. LA 1997). One ground for Plaintiff's Motion is that Defendant's removal was untimely.

This is a procedural defect, and as a result, the Motion to Remand is subject to the thirty day filing deadline. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998).

The Court finds that dismissal, with leave to refile, is proper in this instance because the facts and issues presented in the current Motion to Remand are likely to change as a result of the ongoing proceedings in Louisiana. Based upon the results of those proceedings, Plaintiff may no longer seek remand, or may have additional grounds for her Motion. Because the pending Motion was timely filed, the Court finds that it may be dismissed, and the thirty day deadline equitably tolled.

The purpose of the thirty day time limit is "to prevent the delay, inefficiency, and unfairness resulting from late-stage, forum-shopping remand motions." *Pierpoint v. Barnes*, 94 F.3d 813, 817 (2d Cir. 1996). Dismissing this Motion, with leave to refile, is not contrary to the purpose of this statute, because requiring the refiling of this Motion will not cause any delay beyond what is already expected to occur as a result of staying the case pending resolution of the matters proceeding in other courts. If Plaintiff does file a motion to remand after the resolution of those proceedings, it could not be construed as "late-stage, forum shopping" because Plaintiff has already filed a proper Motion to Remand with the Court. Defendants and the Court are well on notice of Plaintiff's desire that the state court retain jurisdiction over this matter.

This resolution promotes judicial efficiency and expediency, provides flexibility to the Parties based on the outcomes of the Louisiana proceedings, and is in the best interest of justice. As a result, the Court will equitably toll the application of 28 U.S.C. § 1447. Plaintiff will be given leave to refile this Motion, if necessary, upon resolution of the issues currently pending before other courts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [doc. #11] is **DENIED, with leave to Refile.**

**IT IS FURTHER ORDERED** that no later than **October 30, 2009**, the parties shall file with this Court a Notice advising the Court of the status of the Louisiana court proceedings.

Dated this 27th Day of August, 2009.

                                                                           E. RICHARD WEBBER
                                                                           UNITED STATES DISTRICT JUDGE